United States District Court
Southern District of Texas

**ENTERED**

November 16, 2021

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL BREWSTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-20-1967 |
| | § | |
| AVA RISK GROUP LIMITED, and FUTURE | § | |
| FIBRE TECHNOLOGIES, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Defendants' Rule 12(b)(6) Motion to Dismiss Plaintiff's Second Amended Complaint (Document No. 58) has been referred by the District Judge to the undersigned Magistrate Judge for a Memorandum and Recommendation. Having considered the Motion, Plaintiff's Response (Document No. 59), the claims and allegations in Plaintiff's Second Amended Complaint, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendants' Motion to Dismiss (Document No. 58) be GRANTED.

## I.     Background

Michael Brewster ("Brewster"), proceeding *pro se*, filed this employment discrimination suit against AVA Risk Group Limited and Future Fibre Technologies (referred to collectively as "Defendants"), which he claims employed him between May and October 2019. Brewster alleges that despite entering into an employment agreement with Defendants that provided for an approximate one year term of employment (from May 27, 2019, through June 30, 2020), and despite his good performance, he was terminated in October 2019. Brewster alleges claims against Defendants for disability discrimination, breach of contract, retaliation, harassment, and defamation.

Defendants seek dismissal of those claims, arguing that although Brewster has already amended his complaint twice, he still does not allege any facts that would render any of his claims plausible.

## II.    Rule 12(b)(6) Standard of Review

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Plausibility will not be found where the claim alleged in the complaint is based solely on legal conclusions, or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Nor will plausibility be found where the complaint "pleads facts that are merely consistent with a defendant's liability" or where the complaint is made up of "'naked assertions devoid of further factual enhancement.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557)). Plausibility, not sheer possibility or even conceivability, is required to survive a Rule 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. at 556-557; *Iqbal*, 129 S.Ct. at 1950-1951.

In considering a Rule 12(b)(6) motion to dismiss, all well pleaded facts are to be taken as true, and viewed in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But, as it is only *facts* that must be taken as true, the court may "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of

truth." *Iqbal*, at 1950.  It is only then that the court can view the well pleaded *facts*, "assume their veracity and [ ] determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, at 1950.

## III.    Discussion

Brewster characterizes his claims against Defendants in this case as: (1) disability discrimination; (2) breach of contract; (3) retaliation; (4) harassment; and (5) defamation or negligence.  There are, however, very few factual allegations that support those claims.  For example, Brewster does allege that his disability is both his history of colorectal cancer and his colostomy, does allege that he was presented with what he believed to be a one year offer of employment "under a contract package," does allege that he reported security protocol violations, and does allege that he was terminated despite having received a good performance evaluation.  All of these allegations have some relationship to the claims he seeks to asserts against Defendants, but they fall short, as argued by Defendants, of stating plausible claims.

### A.    Disability Discrimination Claim

The Americans with Disabilities Act ("ADA") prohibits an employer from discriminating "against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a).  It also prohibits an employer from "discriminat[ing] against any individual because such individual has opposed any act or practice made unlawful by [the ADA] or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [the ADA]." 42 U.S.C. § 12203(a).  Disability under the ADA is defined as:

(A) a physical or mental impairment that substantially limits one or more major life activities of such individual;

3

(B) a record of such an impairment; or

(C) being regarded as having such an impairment (as described in paragraph (3)).

"Major life activities" are, in turn, defined to include, but not be limited to, "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A).  An individual can be said to "regarded as" having a disability "if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity."  42 U.S.C. § 12102 (3)(A).

To state a plausible disability discrimination claim, a plaintiff must allege, with facts, that he had a disability, that "he was qualified for his position, and that he suffered an adverse employment action because of his disability."  *Olivarez v. T-mobile USA, Inc.*, 997 F.3d 595, 600 (5th Cir. 2021), *pet. for cert. filed*, No. 21-561 (Oct. 18, 2021).  Conclusory allegations that a plaintiff was discriminated against because of a disability are insufficient to state a plausible disability discrimination claim.  *Id.*

Here, Brewster alleges that he is disabled as a result of his history of colorectal cancer and his permanent colostomy.  Having a "history" of cancer does not, standing alone, qualify as a disability under the ADA, particularly where there are no factual allegations that Brewster's "history" of cancer affected a major life activity during the time he was employed by Defendants. As for the permanent colostomy, although Defendants argue that it is for Brewster to allege, with facts, how his permanent colostomy affects a major life activity, it goes without saying that a permanent colostomy  would affect a major life activity.  But Brewster's plausible allegation of a

4

disability does not end the inquiry. Nowhere in Brewster's Second Amended Complaint are there factual allegations that he suffered an adverse employment action *because of* his permanent colostomy. Brewster does not allege, with any facts, that Defendants knew of his permanent colostomy, or that his termination was in way related to his permanent colostomy. All there are in Plaintiff's Second Amended Complaint in this regard are conclusory allegations which are insufficient to state a plausible claim of disability discrimination. *See Olivarez*, 997 F.3d at 601 (upholding dismissal of ADA discrimination claim where there were only conclusory allegations that the defendants discriminated against the plaintiff based on his disability).

### B.      Breach of Contract Claim

A breach of contract claim under Texas law requires: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from that breach." *Woodhaven Partners, Ltd. v. Shamoun & Norman, L.L.P.*, 422 S.W.3d 821, 837 (Tex. App.—Dallas 2014). Although Brewster alleges that he believed he entered into a contract of employment with Defendants for a period of approximately one year, Brewster has not alleged anything more about the contract he claims was breached when he was terminated. Moreover, because Texas is an "at-will" employment state, which allows for termination of an employee "for good cause, bad cause, or no cause at all," *Montgomery Cnty. Hosp. Dist. v. Brown*, 965 S.W.2d 501, 502 (Tex.1998), a plaintiff alleging a breach of an employment claim must "rebut the presumption of employment at will," and demonstrate that there is a express agreement that limits "in a meaningful and special way the employer's right to terminate the employee without cause." *Hamilton v. Segue Software Inc.*, 232 F.3d 473, 478 (5th Cir.2000) (per curiam) (quoting *Rios v. Tex. Commerce Bancshares, Inc.*, 930

S.W.2d 809, 815 (Tex.App.1996, writ denied).

Here, not only are there no factual allegations about the contract made the basis of Brewster's breach of contract claim, there are no allegations that plausibly rebut the presumption of employment at will.  Brewster has therefore not stated a plausible breach of contract claim.

### C.    Retaliation Claim

"To establish a prima facie case of retaliation under the ADA or Title VII, a plaintiff must show that (1) [he] participated in an activity protected under the statute; (2) [his] employer took an adverse employment action against [him]; and (3) a causal connection exists between the protected activity and the adverse action." *Feist v. Louisiana, Dep't of Just., Off. of the Atty. Gen.*, 730 F.3d 450, 454 (5th Cir. 2013).  Here, there are no factual allegations that meet, or relate to, any of these elements of a retaliation claim under the ADA.  Brewster has not alleged, as a factual matter, that he engaged in protected activity, nor has he alleged any facts that would support a causal connection between any protected activity and his termination.  Brewster has, therefore, not stated a plausible retaliation claim.

### D.    Harassment Claim

"To prevail on a disability-based harassment claim, a plaintiff must show that (1) he belongs to a protected group; (2) he was subjected to unwelcomed harassment; (3) the harassment complained of was based on his disability; (4) the harassment complained of affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take prompt, remedial action." *Grant v. Harris Cty.*, 794 F. App'x 352, 360 (5th Cir. 2019).  "[T]he harassment must be sufficiently pervasive or severe to alter the conditions of employment and create an abusive working environment." *Id.* (quoting *Credeur v. La. Office of*

6

*Att'y Gen.*, 860 F.3d 785, 796 (5th Cir. 2017)).

There are, in Plaintiff's Second Amended Complaint, no allegations that would support a plausible disability harassment claim.  Brewster does not allege any particular incidents of harassment based on his disability, nor does he allege facts which would show that he suffered from any harassment that could be characterized as severe or pervasive.  Consequently, Brewster has not alleged a plausible disability harassment claim.

### E.   Defamation Claim

"To succeed on a defamation claim in Texas, a private plaintiff must show "(1) the publication of a false statement of fact to a third party, (2) that was defamatory concerning the plaintiff, (3) with [negligence], and (4) damages.'" *Mason v. Integra Peak Mgmt. Inc.*, 821 F. App'x 382, 383 (5th Cir. 2020) (quoting *In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015)).

Here, Brewster appears to complain about allegedly false statements made by Defendants to the Texas Workforce Commission.  He alleges in his Second Amended Complaint that "Defendant fabricated sworn statements about Brewster and sent [them] to the TexasWorkforce Commission" and that the Texas Workforce Commission ultimately determined that Brewster was not terminated by Defendants for misconduct.  (Document No. 57 at 11-12, 15-16).  These allegations, which are  are wholly conclusory given the absence of any factual allegations about the substance of the allegedly false statements, do not state a plausible defamation claim.  *See e.g. Reyna v. IDEA Pub. Sch.*, No. 7:20-CV-121, 2021 WL 4134843, at *5 (S.D. Tex. Feb. 22, 2021) (dismissing defamation claim as not plausible where there were no allegations about the substance of the allegedly false statement).

7

IV.    **Conclusion and Recommendation**

Based on the foregoing, and the conclusion that Brewster has not alleged in his Second Amended Complaint plausible claims against Defendants, the Magistrate Judge

RECOMMENDS that Defendants' Rule 12(b)(6) Motion to Dismiss Plaintiff's Second Amended Complaint (Document No. 58) be GRANTED.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.   Within 14 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), to the recommendation made herein relative to Defendant's Motion to Dismiss.    Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982) (en banc).  Moreover, absent plain error, failure to file objections within the fourteen-day period bars an aggrieved party from attacking conclusions of law on appeal.  *See Douglass v. United Serv. Auto Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall be filed with the United States District Court Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 16th day of November, 2021.

Frances H. Stacy
United States Magistrate Judge